**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CHAD EUGENE RANES,**

                **Plaintiff,**

      **v.**                                           **CASE NO. 17-3196-SAC**

**BRIAN MURPHY and MIKE JEWEL,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at the Allen County, Kansas, Jail, proceeds pro se and forma pauperis.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*,

487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that

they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

Plaintiff presents three grounds for relief: (1) that he told jail guards, the sheriff, and the jail administrator that he was in pain and needed to go to the hospital; (2) that his legal mail is being opened outside his presence; and (3) that he has told "all guards" that he needs to see mental health providers. The defendants named in the complaint are Sheriff Brian Murphy and Mike Jewel, the jail administrator.

### Right to Medical Care

Two of plaintiff's claims assert that he has been denied adequate medical attention. In an action under Section 1983, the Court must consider whether a deprivation alleged by a prisoner violates the Constitution. A prisoner is entitled to humane conditions of confinement, including adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "[D]eliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment.[1] *Estelle v. Gamble*, 419 U.S. 97, 104-05 (1976). The deliberate indifference standard has two components; first, the objective component requires that a condition must be "sufficiently serious" and second, the subjective component requires that the prison officials acted with a sufficiently culpable

---

[1] It appears that plaintiff may be a pretrial detainee. A pretrial detainee is protected by the Fourteenth Amendment's Due Process Claude rather than the Eighth Amendment. However, the analysis is identical to that used in an Eighth Amendment claims brought under Section 1983. *Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir. 1999)(citation omitted).

state of mind. *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006).

A negligent failure to provide adequate medical care does not violate a prisoner's constitutional rights, even if that failure rises to medical malpractice. *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999). Finally, a prisoner's disagreement with a diagnosis or the course of medical care offered is not, in itself, a constitutional violation. *Id.*

Because the complaint offers no factual support for plaintiff's claims that he was denied adequate medical care, he must present facts to explain the nature of his medical needs, how officials responded to his medical complaints, and any harm he suffered from the delay or denial in access to medical care.

### Opening of Legal Mail

Plaintiff also complains that unnamed jail guards have opened his legal mail before delivering it to him. Interference with a prisoner's legal mail may violate the prisoner's protected right of access to the courts. *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005). However, to establish a violation, a prisoner must show that the improper opening of legal mail impeded his attempts to pursue a viable legal claim. *See Lewis v. Casey*, 518 U.S. 343, 348-55 (1996); *Simkins, id.* (stating that the "unimpeded transmission of legal mail" is the "most obvious manifestation of the right of access to the courts" but requiring a prisoner to show a cognizable injury to proceed on a claim arising from interference with mail).

Because plaintiff's complaint does not allege a cognizable injury arising from the opening of his mail, his claim is subject to dismissal unless he identifies such an injury.

**Personal Participation**

Individual liability in an action brought under Section 1983 is based upon personal involvement in the alleged violation. *Gallagher v. Shelton*, 587 P.3d 1063, 1069 (10th Cir. 2009). "[P]ersonal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)(citation omitted). A defendant's supervisory position is not a sufficient basis to support liability for monetary damages in a civil rights action. *Trujillo v. Williams*, 465 F.3d 1219, 1228 (10th Cir. 2006).

Here, plaintiff fails to identify any defendant who handled his legal mail or who interfered with his access to mental health care. Likewise, while he alleges in Count 1 of the complaint that both of the named defendants were aware of his request for transfer to a hospital, he must allege more than that a defendant was a supervisor or a jail administrator and must plausibly plead the defendant's personal participation. Instead, he must allege that the personal conduct of each defendant violated his protected rights.

**Order to File Amended Complaint**

For the reasons set forth, plaintiff is directed to submit an amended complaint that corrects the deficiencies identified in this order. The failure to submit an amended complaint may result in the dismissal of this matter without additional prior notice.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **April 27, 2018,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS FURTHER ORDERED plaintiff's motion for hearing date (Doc. #2) is denied.

**IT IS SO ORDERED.**

DATED:  This 28th day of March, 2018, at Topeka, Kansas.

>
> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge