# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHAD EUGENE RANES,**

        **Plaintiff,**

    v.                                    CASE NO. 17-3196-SAC

**BRIAN MURPHY, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended complaint (Doc. #8). Plaintiff commenced this action under 42 U.S.C. § 1983 while held at the Allen County Law Enforcement Center, Iola, Kansas. He has since reported a change of address to the clerk of the court.

### Background

On March 3, 2018, the Court issued a Memorandum and Order directing plaintiff to submit an amended complaint to correct the deficiencies identified by the Court and to show cause why the matter should not be dismissed.

The Court's order advised plaintiff that he must provide specific factual support for his claims that he was denied adequate medical including the nature of his medical need, the response of officials to his complaints, and any harm he suffered. Concerning his claim that jail guards had opened his legal mail before delivering it to him, the order advised plaintiff that he must identify a cognizable injury arising from that claim and must identify personal participation by a named defendant or defendants. Likewise, the Court advised plaintiff that he must identify personal participation by a named defendant in the alleged deprivation of mental health care.

## The amended complaint

The amended complaint contains three claims for relief:

(1) Plaintiff states that in 2015 he complained of a hernia. He claims he did not receive medical treatment for the condition until he commenced this action, and that he then was provided surgical repair. Plaintiff alleges he now has two additional hernias but has been given only pain medication.

(2) Plaintiff complains that he receives his legal motions from the state district court clerk without envelopes.

(3) Plaintiff complains that after he expressed suicidal ideation to a corrections officer, he was placed in a suicide suit for 30 minutes and spoke with a counselor by a computer connection. Although the counselor advised the guard that plaintiff should speak to a counselor once a week, no such meetings took place.

As relief, the amended complaint seeks repair of plaintiff's hernias, monetary damages for pain and suffering, and to have legal mail opened in his presence. (Doc. #8, p. 6.)

## Analysis

As explained in the Court's previous order, the standard for evaluating claims of inadequate medical care under the Eighth Amendment is "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This standard has both objective and subjective components. First, a plaintiff must establish the existence of a medical need that is "seriously serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the defendant must show that the defendants knew of and disregarded "an excessive risk to [the plaintiff's] health and safety." *Id*. at 837.

The courts have addressed claims related to the treatment of

hernia complaints on multiple occasions. Generally, when prison officials treat minor hernias with care such as medical evaluation, hernia belts, activity restrictions, and pain medication, courts have found that the prisoner has no claim for relief; however, where officials fail to take any reasonable action or to take any action at all, courts have found that a prisoner states a claim for relief. *See McKinney v. Col. Dep't of Corr.*, 2016 WL 796234 (D. Col. Mar. 1, 2016)(gathering cases).

At this point, the severity of plaintiff's condition is unclear, and there is no record before the Court of what, if any, medical attention he received prior to the surgery he received in 2017. The Court finds that this claim requires a responsive pleading to allow the proper evaluation of its merits.

Next, plaintiff claims that his legal mail has been opened outside his presence. Although plaintiff provides a detailed statement of when his legal mail was handled, he does not provide any allegations of a cognizable injury resulting from the processing of his legal mail. As the Court explained in its previous order, plaintiff must identify a cognizable injury to proceed on a claim that arises from the handling of his legal mail. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996)(requiring a showing of an impairment to attempts to pursue a viable legal claim to state a claim for relief) and *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)(requiring prisoner to show "actual injury from interference with his access to the courts – that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous claim concerning his conviction or his conditions of confinement"). While the Court does not condone the practice of opening legal mail outside a prisoner's presence,

plaintiff's claim must be dismissed due to his failure to suggest any actual injury resulted.

Third, plaintiff claims that he was not provided adequate medical care for mental health needs during his incarceration. Plaintiff describes an event in which he advised staff members of a crisis. He was immediately placed in a restraint suit and was able to speak with a counselor through the jail's computer system. Plaintiff complains that although that counselor recommended that he receive additional, weekly contact with mental health personnel, jail personnel did not implement that recommendation.

This claim also is subject to the two-part Eighth Amendment analysis requiring the plaintiff to establish both an objectively serious condition and a subjective showing that defendants both knew of and disregarded the risk to the plaintiff.

The Court has carefully considered the amended complaint and concludes that plaintiff has not identified any specific facts or injury to support a claim for relief arising from the failure to provide weekly counseling as recommended. Plaintiff states that unnamed guards never provided the weekly counseling recommended by the counselor (Doc. #8, p. 5); however, the amended complaint identifies no specific allegations of acts or omissions by a named defendant, any grievance concerning this matter, nor any resulting injury from the failure to provide additional counseling. The Court concludes that this claim also is subject to dismissal.

**Motions**

Three motions filed by plaintiff are pending: (1) his motion to subpoena body cameras and pod cameras (Doc. #9); (2) his motion for subpoena of kiosk grievances and medical requests (Doc. #10); and (3)

his motion to appoint counsel (Doc. #11).

Plaintiff seeks records from body and pod cameras used in the jail on the ground it will show him receiving legal mail without envelopes. Because the Court has determined that plaintiff's claim concerning the handling of his legal mail is subject to dismissal, the Court denies this motion.

Next, plaintiff requests the grievances and medical requests that he filed on the jail kiosk. The Court grants this request and directs defendants to incorporate that material into the report ordered elsewhere in this order.

Third, plaintiff requests the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The Court has considered the record and declines to appoint counsel at this time. Plaintiff is able to explain the nature of his claims, and the issues do not appear to be unusually complex. However, the Court will reconsider the request for counsel after the development of the record.

**Conclusion**

For the reasons set forth, the Court dismisses plaintiff's claims in Counts 2 and 3, alleging violations of his rights arising from the opening of his legal mail and the failure to provide weekly mental health counseling. Plaintiff's claim requesting injunctive relief to order the opening of his legal mail in his presence is denied as moot due to his release.

The Court finds the proper processing of plaintiff's remaining claim alleging inadequate medical care for hernias cannot be achieved without additional information from appropriate officials of the Allen County Jail. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

IT IS, THEREFORE, BY THE COURT ORDERED Counts 2 and 3 of the amended complaint are dismissed.

IT IS FURTHER ORDERED plaintiff's motion for subpoena of body cameras and pod cameras (Doc. #9) is denied.

IT IS FURTHER ORDERED plaintiff's motion for subpoena of kiosk grievances and medical request (Doc. #10) is granted.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. #11) is denied.

IT IS FURTHER ORDERED the clerk of the court shall prepare a waivers of service form for defendants Murphy, Jewel, and Thompson pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon these defendants at no cost to plaintiff. The report

required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court. The answer or other responsive pleading shall be filed thirty (30) days after the *Martinez* report is filed.

Officials responsible for the operation of the Allen County Jail are directed to undertake a review of the subject matter of the complaint:
- a. To ascertain the facts and circumstances;
- b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;
- c. To determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(2) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. In addition, the grievances filed by plaintiff and requested in his motion for subpoena of kiosk grievances and medical request (Doc. #10) shall be included in the report. Authorization is granted to the officials of the Allen County Jail to interview all witnesses having knowledge of

the facts, including the plaintiff.

(3) No answer or motion addressed to the complaint shall be filed until the *Martinez* report required herein has been prepared.

(4) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

**IT IS SO ORDERED.**

DATED:  This 5th day of February, 2019, at Topeka, Kansas.

                                          S/ Sam A. Crow  
                                          SAM A. CROW  
                                          U.S. Senior District Judge