```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**CHAD EUGENE RANES,**

                **Plaintiff,**

      **v.**                                                    **CASE NO. 17-3196-SAC**

**BRIAN MURPHY, et al.,**

                **Defendants.**

## ORDER OF DISMISSAL

This matter, a civil rights complaint filed under 42 U.S.C. §1983, comes before the Court on the motion to dismiss of defendants Jewel, Murphy, Sears, and Thompson. Plaintiff did not file a response. Accordingly, the Court has considered the motion under Local Rule 7.4, governing unopposed motions and allowing them to be granted without further notice. D. Kan. R. 7.4(b).

### Background

Plaintiff commenced this action while in pretrial detention at the Allen County Jail, Iola, Kansas (ACJ). After conducting a screening of plaintiff's amended complaint (Doc. 8), the Court dismissed Counts 2 and 3 and directed a response on plaintiff's claim alleging he received constitutionally inadequate medical care for a hernia or hernias. Defendants have filed a *Martinez* report (Doc. 16) and the motion to dismiss (Doc. 17).

The record before the Court shows plaintiff was booked into the ACJ in June 2015 and reported that he had a hernia that had been bothering him. He did not seek medical attention for that condition, and he was released on July 22, 2015.

In December 2016 and in May 2017, plaintiff was briefly detained in the ACJ. During those periods, he sought medical attention for other conditions but did not report a hernia.

On July 4, 2017, plaintiff again entered the ACJ. Between July and December 2017, he submitted a number of requests concerning medical care.

During July 2017, he reported abdominal pain and a knot that was popping out. In late July, plaintiff consulted with Becky French, a nurse practitioner employed with Iola Family Physicians, who goes to the jail each week to address medical concerns of prisoners. She examined plaintiff on August 1 and determined the hernia did not require surgery.

During August, plaintiff continued to request surgery and complained of stomach pain. On August 17, Dr. Timothy Spears examined him. Dr. Spears did not observe any signs of a hernia but stated that if a hernia popped out and would not go back it would be evaluated then. Based on those findings, the ACJ did not believe that surgery or additional procedures were medically necessary. Plaintiff continued to complain of pain and other difficulty caused by the hernia, filing medical requests and a grievance seeking medical treatment.

Ms. French examined plaintiff again on September 12 and again concluded the hernia could be managed without surgery. She prescribed stool softeners. However, on September 28, after performing another examination, Ms. French believed that plaintiff should see a surgeon if approved by Sheriff Murphy.

In October, plaintiff underwent an MRI, which did not reveal any hernia. Ms. French instructed jail staff to provide stool softeners

and laxatives.

In November, plaintiff asked to see Ms. French concerning his hernia and complained of pain. In late November, plaintiff saw a surgeon, Dr. Landau. Dr. Landau recommended surgery, and on December 28, plaintiff underwent surgery to correct a hernia.

### Standard of Review

In ruling on a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes as true all well-pleaded factual allegations and views them in the light most favorable to the non-moving party to determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleading standard arising from the decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Iqbal* requires a plaintiff to plead facts sufficient to show that the claims have substantive plausibility.

The plausibility standard is considered a "refined standard", described as one that "refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)(citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)).

A complaint fails to state a claim on which relief may be granted if it lacks factual allegations that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (2007)(citation omitted). Bare legal conclusions are not afforded the presumption of truth; rather, "they must be supported

by factual allegations" to state a claim for relief. *Iqbal*, 556 U.S. at 679.

## Discussion

Because plaintiff was a pretrial detainee at the time his claims arose, his right to adequate medical care is protected by the Due Process Clause of the Fourteenth Amendment. *See Lopez v. McMaster*, 172 F.3d 756, 759 n. 2 (10th Cir. 1999). Because "a pretrial detainee enjoys *at least* the same constitutional protections as a convicted criminal", *Blackmon v. Sutton*, 734 F.3d 1237, 1240-41 (10th Cir. 2013), the Tenth Circuit applies the same deliberate indifference standard to claims by pretrial detainees. *See, e.g., Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018).

To succeed on a claim of inadequate medical care, a prisoner must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227 1230 (10th Cir. 2006)(internal quotation marks omitted).

The deliberate indifference standard has two components. First, a prisoner must meet an objective standard by showing that the alleged deprivation is "sufficiently serious" to be an unconstitutional denial of care. *Self*, 439 F.3d at 1230 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Next, a prisoner must meet a subjective standard by showing that the defendant prison official acted with a "sufficiently culpable state of mind." *Id*. at 1230-31 (quoting *Farmer*, 511 U.S. at 834).

A prisoner's disagreement with a provider's medical judgment concerning appropriate treatment is insufficient to establish deliberate indifference. *See Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

In this case, the plaintiff received medical care that included evaluations by a nurse practitioner, a physician, and a surgeon. He also was provided with the treatment recommended by those medical professionals. Because the *Martinez* report and the uncontested motion to dismiss show the plaintiff received a continuing course of treatment that was responsive to his medical complaints, the Court concludes that defendants' motion to dismiss must be granted.

IT IS, THEREFORE, BY THE COURT ORDERED defendants' motion to dismiss (Doc. 17) is granted.

**IT IS SO ORDERED.**

DATED:  This 11th day of June, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge